NATHAN A. CRANE (*Pro Hac Vice*, UT Bar No. 10165)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84141
Telephone: (801) 521-9000
Fax No.: (801) 363-0400

*Attorney for Gary Bringhurst*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. GARY BRINGHURST, Defendant. | **MOTION TO TERMINATE PROBATION** Case No. 13CR0045-BLW Judge B. Lynn Winmill |

Gary Bringhurst ("Bringhurst"), by and through undersigned counsel hereby files this Motion to Terminate His Probation. This motion is made pursuant to the provisions of 18 U.S.C. § 3564(c). Mr. Bringhurst has been doing exceptionally well on probation, he has completed all that the Court ordered and he has obeyed all Court directives since his pleading guilty to an Information in April 2013. Mr. Bringhurst's exceptional

conduct on supervision has resulted in his only contact being a monthly online form that he submits to the Probation Office.

## I. BACKGROUND

### A. Case History

1. As this Court is aware, Mr. Bringhurst was the main cooperating witness in the Government's investigation and prosecution of Douglas Swenson, Mark Ellison, Jeremy Swenson and David Swenson. *See* <u>United States v. Douglas Swenson *et al.*,</u> Dist. of Idaho Case No. 1:13-cr-0091 ("Swenson Trial").

2. On September 23, 2009 Mr. Bringhurst first met with government investigators to be interviewed regarding DBSI. Over the next five years Mr. Bringhurst met with government investigators and government attorneys approximately twenty times.

3. On April 8, 2013 Mr. Bringhurst pled guilty to a one count Information Charging Conspiracy to Commit Securities Fraud. After pleading guilty to the Information, Mr. Bringhurst was placed on pre-sentence supervision. Mr. Bringhurst completed all that was required of him while on pre-sentence supervision and was a model supervisee.

4. On March 4-6, 2014 Mr. Bringhurst testified at the Swenson Trial. The direct and cross examination of Mr. Bringhurst lasted for over 16.5 hours.

5.     On December 15, 2014 Mr. Bringhurst was sentenced to probation for a term of 5 years.  Dkt. 57.  As a condition of probation he was ordered to serve 30 consecutive days followed by 15 consecutive weekends at a jail in the District of Utah. Dkt. 57.  Mr. Bringhurst was also ordered to pay $300,000 in restitution.  Dkt. 66.

6.     As a special condition of probation Mr. Bringhurst was prohibited from being "employed in any capacity related to billing; receiving money; conducting wire transfers, providing investment advice; trading in the stock and commodities markets for others; or given fiduciary responsibility of any kind."  Dkt. 59.

7.     Mr. Bringhurst paid the restitution in full in August 2013, over one year before his sentencing hearing.

8.     Mr. Bringhurst served 30 days in jail followed by 15 consecutive weekends incarcerated at the Davis County Correctional Facility located in Farmington, Utah.

9.     Mr. Bringhurst has completed all requirements that were imposed as a condition of his probation.

10.    Mr. Bringhurst's only reporting requirement with the Probation Office is to complete an online general inquiry each month.  Unless Mr. Bringhurst needs to travel out-of-state he does not have any other contact with the U.S. Probation Office.

B.  **Employment**

11. As the Court is aware Mr. Bringhurst is the CEO of the Blue Chip Group. The Blue Chip Group is a food manufacturing company that specializes in producing emergency preparedness foods.  In the last couple of years, the Blue Chip Group's business has been growing and expanding.

12. The Blue Chip Group was founded and owned by Jacquie Augason. Ms. Augason hired Mr. Bringhurst in 2010 as a consultant.  A short time later Mr. Bringhurst was promoted to the CEO/CFO of the Blue Chip Group.  Ms. Augason testified at Mr. Bringhurst's sentencing hearing.

13. On November 7, 2015 Ms. Augason passed away.

14. Prior to her passing Ms. Augason was in the forefront of handling financial matters with banks and financial institutions on behalf of the Blue Chip Group. She was the face of the corporation to financial institution because she had historically handled these matters prior to 2010 and continued to handle these matters after 2010 to ensure that Mr. Bringhurst would be able to comply with the conditions of his pretrial release and the special conditions of probation.

15. With Ms. Augason's passing financial institutions that conduct business with the Blue Chip Group are looking to Mr. Bringhurst to fill the void and role that was previously held by Ms. Augason.  This has caused significant issues for Mr.

Bringhurst and the Blue Chip Group as Mr. Bringhurst and is causing a disruption to the Blue Chip Groups business activities.

## II. BRINGHURST'S EXEMPLARY CONDUCT DURING THE PENDENCY OF THIS CASE WARRANTS TERMINATION OF HIS SUPERVISED RELEASE

While under government supervision during an extended period of pre-trial release, while incarcerated, and during his probationary period Mr. Bringhurst has completed all that has been asked of him. Mr. Bringhurst has not violated any Court directive while under supervision.

This Court may terminate an individual's probation "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. §3564(c). 18 U.S.C. § 3564(c) provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, many, pursuant to the provisions of the Federal Rules of criminal Procedure [Rule 32.1] relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The conduct of Mr. Bringhurst and the interest of justice weigh in favor of termination of his probation. Analyzing the factors in 18 U.S.C. § 3553(a) including the conduct of Mr. Bringhurst and the interest of justice warrants termination of Mr. Bringhurst's probation.

5

### A. Conduct of Mr. Bringhurst

The instant matter is Mr. Bringhurst's only encounter with the law. Mr. Bringhurst does not have any other felony or misdemeanor convictions. Since his first meeting with government investigators in 2009 Mr. Bringhurst has been showing the government and this Court that he takes responsibility for his actions, he is remorseful, and he has been committed to not repeating the mistakes of the past. Mr. Bringhurst has proactively attempted to correct his misdeeds. He moved his family from Idaho to Utah to get a fresh start. He stopped working in the real estate/investment business and moved into the dry food manufacturing business. He has been upfront and honest with his company, with employees and his family.

Beginning in 2009 Mr. Bringhurst attempted to correct his misdeeds by cooperating with the government in its investigation and prosecution of other individuals. Over a period of five years Mr. Bringhurst assisted the government in helping the government understand the complex fraud that took place at DBSI. He met with government agents and prosecutors over twenty times, usually in Boise, Idaho where Mr. Bringhurst had to travel at his own expense. Mr. Bringhurst took vacation time to meet with government agents and prosecutors and made himself available at the drop of a hat. As part of his assistance Mr. Bringhurst testified before the Grand Jury and he participated in long trial preparation sessions with government attorneys. In all Mr.

Bringhurst spent countless hours with agents and prosecutors to guide them through DBSI's business dealings and vast paperwork.

Mr. Bringhurst's conduct on probation has been exemplary. All financial obligations were quickly satisfied. Mr. Bringhurst had no problems or write-ups while incarcerated. Mr. Bringhurst has had no violations while on probation. Mr. Bringhurst's conduct has earned him the most minimal amount of supervision. Mr. Bringhurst is required to only submit a monthly form he completes online. Mr. Bringhurst's model conduct weighs in favor of terminating his probation.

B.   **Interest of Justice**

Mr. Bringhurst has been doing excellent while on probation. Mr. Bringhurst has earned the trust of the Probation Office to the point where he is only required to check once per month by filling out a form online. Mr. Bringhurst is seeking the termination of his business so that he can fulfill all of his duties, unencumbered, as the CEO/CFO of the Blue Chip Group. Financial institutions are putting ever increasing pressure on the Blue Chip Group to have its CEO/CFO involved in the financial transactions.

There seems to be little to no benefit to the community in having Mr. Bringhurst continue on probation where his only requirement is to complete a monthly online form. Mr. Bringhurst has paid substantial restitution, he served his time in jail and he has follow all directives of the Court and the Probation Office. There is little, if anything, to be gained by continuing to supervise Mr. Bringhurst by submission of an online form.

**III.    CONCLUSION**

Mr. Bringhurst has done all that has been asked of him; he has accepted responsibility for his actions, he has assisted the government in its investigation and prosecution of others, he has satisfied his restitution obligations, and he has performed admirably on probation. The conduct of Mr. Bringhurst and the interest of justice lean in favor of terminating Mr. Bringhurst's probation.

Mr. Bringhurst respectfully requests that his probation be terminated.

DATED this 16th day of September, 2016.

                                            SNOW, CHRISTENSEN & MARTINEAU

                                        By:    */s/ Nathan A. Crane*
                                                  NATHAN A. CRANE
                                                  ***Attorney for Defendant***

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2016, a true copy of the foregoing **MOTION TO TERMINATE PROBATION** was served by the method indicated below, to the following:

| | |
|---|---|
| Wendy J. Olson | ( ) U.S. Mail, Postage Prepaid |
| Raymond Patricco | ( ) Hand Delivered |
| Washington Group Plaza IV | ( ) Overnight Mail |
| Suite 600 | ( ) Facsimile |
| 800 East Park Boulevard | (X) Electronic Filing |
| Boise, ID 83712-7788 | ( ) Email |

                                           */s/ MKuroski*
                                           Legal Assistant

4813-7494-7640, v. 1